Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3400

DOROTHY HENSON,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Dorothy Henson, of Houston, Texas, pro se.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director. Of counsel was Anuj Vohra.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3400

DOROTHY HENSON,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED: April 9, 2007

_____

Before MAYER, Circuit Judge, CLEVENGER, Sr. Circuit Judge and LINN, Circuit Judge

PER CURIAM.

Dorothy Henson appeals the final decision of the Merit Systems Protection Board, Henson v. Dep't of Justice, DA-0752-03-0645-C-1 (M.S.P.B. Aug. 3, 2006), which denied rehearing of its initial decision denying her petition for enforcement of a settlement agreement, Henson v. Dep't of Justice, DA-0752-03-0645-C-1 (M.S.P.B. Mar. 9, 2006). We affirm.

Here, Henson failed to carry her burden in establishing that the settlement agreement was breached. Indeed, because the agreement does not require the

amended SF-50 to be sent to her, failing to send it to her does not constitute a breach. Nor do we find any error in the board's conclusion that Henson failed to establish that the amended SF-50 was not issued by the Marshals Service within a reasonable time, particularly in light of evidence that it was issued within two months of the agreement. In addition, because the board has discretion in whether to allow a hearing concerning petitions for enforcement, 5 C.F.R. § 1201.183(a)(3), we find no merit to Henson's contention that she was improperly denied a hearing. Finally, we find no evidence to support Henson's contention that she was denied subsequent employment due to the Marshals Services' actions or inaction.